UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Rick A. Dean, 1039 West Allens Lane, Philadelphia, PA 19119

Address of Defendant: City of Coatesville, et al. One City Hall Place, Coatesville, PA 19320

Place of Accident, Incident or Transaction: Chester County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases    FMLA
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Patricia C. Collins, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/25/09

Attorney-at-Law  Patricia C. Collins    78648
                                        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/25/09

Attorney-at-Law  Patricia C. Collins    78648
                                        Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Rick A. Dean, 1039 West Allens Lane, Philadelphia, PA 19119

Address of Defendant: City of Coatesville, et al. One City Hall Place, Coatesville, PA 19320

Place of Accident, Incident or Transaction: Chester County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases     FMLA
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Patricia C. Collins , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/25/09 _____     Attorney-at-Law Patricia C. Collins     78648
Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/25/09 _____     Attorney-at-Law Patricia C. Collins     78648
Attorney I.D.#

CIV. 609 (6/08)

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rick A. Dean
1039 West Allens Lane, Phila., PA  19119

## DEFENDANTS
City of Coatesville and Harry Walker, Ind. and as City Manager of Coatesville
One City Hall Pl., Coatesville, PA  19320

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Chester
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  (215) 230-7500
Antheil Maslow & MacMinn, LLP
131 W. State St., Doylestown, PA 18901

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
    Plaintiff

☒ 3  Federal Question
    (U.S. Government Not a Party)

☐ 2  U.S. Government
    Defendant

☐ 4  Diversity
    (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U. S. C. Section 2601 et seq.
Brief description of cause:
Wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE
09/25/2009

SIGNATURE OF ATTORNEY OF RECORD

Patricia C. Collins, Esquire

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT                    APPLYING IFP                    JUDGE                    MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

RICK A. DEAN                    :        CIVIL ACTION
                          :
              v.             :
CITY OF COATESVILLE and HARRY WALKER, Ind. :
and as City Manager of Coatesville      :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x)

| 09/25/2009 | Patricia C. Collins | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-230-7500 | 215-230-7996 | pcollins @ammlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICK A. DEAN | : | NO. |
| 1039 West Allens Lane | : | |
| Philadelphia, PA 19119 | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| CITY OF COATESVILLE | : | |
| One City Hall Place | : | |
| Coatesville, PA 19320 | : | JURY TRIAL DEMANDED |
| Defendant | : | |
| and | : | |
| | : | |
| HARRY WALKER, individually and | : | |
| in his capacity as City Manager of | : | |
| CITY OF COATESVILLE | : | |
| One City Hall Place | : | |
| Coatesville, PA 19320 | : | |
| Defendant | : | CIVIL ACTION |

## COMPLAINT

Plaintiff, Rick A. Dean, by and through his undersigned counsel, hereby submits this Complaint against the City of Coatesville and Harry Walker, and states:

## I.    THE PARTIES

1.    Plaintiff is an adult individual residing at 1039 West Allens Lane, Philadelphia, Pennsylvania.

2.    Defendant City of Coatesville ("Coatesville") is a government entity with a principal place of business at One City Hall Place, Coatesville, Pennsylvania.

3.    Defendant Harry Walker ("Walker") is the City Manager of the City of Coatesville.

4.    At all times relevant hereto, Defendant Walker acted within the course and scope of his employment with Coatesville, except where indicated otherwise.

1

## II.    JURISDICTION

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and 28 U.S.C. § 1367.

## III.   VENUE

6.    Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. § 1391(b), because Defendant resides within the Eastern District of Pennsylvania, and the claims arose in the Eastern District of Pennsylvania.

## IV.   STATEMENT OF FACTS

7.    Coatesville is a covered employer pursuant to 28 U.S.C. § 2611.

8.    Plaintiff was employed by Coatesville as the Finance Director from September 11, 2006 until his termination on or about October 2, 2008.

9.    Plaintiff was thus employed by Coatesville for more than twelve (12) months and worked in excess of 1250 hours during the twelve months prior to his FMLA leave.

10.    Plaintiff was a covered employee pursuant to 29 U.S.C. § 2611.

11.    Plaintiff was eligible for FMLA leave at all times relevant hereto.

12.    Plaintiff was also subject to the City of Coatesville Municipal Code, which requires that City Council approve any decision to terminate Plaintiff's employment.

13.    On September 8, 2008, Plaintiff was seriously injured in a motor vehicle accident.

14.    Plaintiff was absent from work due to his injuries from September 9 to September 15, 2008.

15.    Plaintiff notified Defendant Walker that he would be absent from work by electronic mail on September 9, 2009.

16.    Plaintiff notified Coatesville and Walker that he would not be at work on those days. At no time was he notified that his absence from work was "unauthorized."

2

17.     Plaintiff returned to work on September 15, 2008.

18.     Plaintiff was then absent from work from September 16 to September 19, 2008.

19.     Plaintiff notified Coatesville and Walker that he would not be at work on those days. At no time was he notified that his absence was "unauthorized."

20.     On September 23, 2008, Plaintiff notified Walker that he would be out until October 7, 2008 due to prescheduled doctor's appointments and other care necessitated by the motor vehicle accident. See email, attached hereto as Exhibit "A."

21.     On or about September 23, 2008, Plaintiff notified Walker again that he would be out.

22.     On or about September 29, 2008, Plaintiff sent notifications from his physician regarding his need to be absent from work and to receive additional care to Coatesville by facsimile. See Medical Forms, attached hereto as Exhibit "B."

23.     Defendants did not respond to these notifications.

24.     Instead, on October 3, 2008, Coatesville, through Walker, terminated Plaintiff's employment.

25.     Such termination was for the purpose of interfering with Plaintiff's rights under the FMLA.

26.     Defendants' termination letter stated that Plaintiff's employment was terminated pursuant to Section 35-8(B) of the Code, because he had failed to report to work for three consecutive workdays without authorized leave.

27.     This statement is untrue and pretextual, as Plaintiff reported to Defendant that he would need leave on September 9, 22, 23 and 29, 2008, and Defendant failed to respond to the request.

3

28.     Any days off that Plaintiff took as of result of the September 9, 2009 accident were authorized, and necessitated by the serious health condition created by the accident.

29.     Defendants also cited the collective bargaining agreement as a basis for termination, but Plaintiff is not subject to the collective bargaining agreement as a member of executive management.

30.     The Code of the City of Coatesville allows termination for job abandonment where an employee fails to report to work for three (3) consecutive workdays without authorized leave. See Section 35-8(B), attached hereto as Exhibit "C."

31.     This provision does not apply to Plaintiff's termination, as set forth above, because his absences from work were authorized, he was entitled to leave under the FMLA, and Defendant ignored his requests for leave.

32.     There was no cause for Plaintiff's termination as provided for in the Code of the City of Coatesville, which allows termination for delinquency, misconduct, inefficiency or incapability to perform the work of the position satisfactorily, and requires such "cause" dismissals to be approved by City Council. See Section 35-8(D), attached hereto as Exhibit "C."

33.     Plaintiff's termination was not approved by the City Council.

34.     Despite knowing that the basis for the termination was false, Defendant Walker and City Council President Karen Jorgenson informed other employees of Coatesville, and made statements to reporters, that Plaintiff was terminated for "job abandonment."

35.     Defendant Walker stated that he had no idea why Dean had "stopped showing up for work, " and said "I think Mr. Dean fired Coatesville."

36.     Articles appeared in *The Chester County Reporter* on October 4 and 8, 2008. See articles from *The Chester County Reporter*, attached hereto as Exhibit "D."

4

37.     The statement that Plaintiff abandoned his job is defamatory in nature, as it would be interpreted by others in a negative fashion, so as to lower him in the estimation of the community, deter third parties, including, but not limit to future employers, from associating with him, and adversely affect his reputation for fitness for the proper conduct of his profession.

38.     As a result, *inter alia*, of these defamatory statements, Plaintiff has been unable to secure full-time employment.

39.     No privilege applies to these statements.

40.     Defendant Walker acted with malice in making those statements, and made them for the purpose of causing injury to Plaintiff.

41.     Defendants' conduct has damaged Plaintiff in the form of lost back pay, lost benefits, lost vesting in pension and retirement benefits, inability to find new full-time employment, reputational harm, and emotional pain and suffering.

### COUNT I

### VIOLATIONS OF THE FMLA

### PLAINTIFF v. ALL DEFENDANTS

42.     Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

43.     Defendant violated the FMLA by failing to provide Plaintiff with notice of his rights under the FMLA after receiving notice that Plaintiff suffered a serious health condition under the FMLA, and requested leave.

44.     Defendant violated the FMLA by terminating Plaintiff for the purposes of interfering with his rights under the FMLA.

45.     Defendant violated the FMLA by terminating Plaintiff in retaliation for exercising his rights under the FMLA.

46.     As a result of Defendants' conduct, Plaintiff suffered a loss of income and employment, and all of the benefits attendant thereto, which damages continue at present and which may continue in the foreseeable future.

WHEREFORE, for all the foregoing reasons, Plaintiff demands judgment in his favor and against Defendants as follows:

a.     Reinstatement, or front pay in lieu thereof;

b.     all wages and benefits to which Plaintiff is entitled pursuant to

       29 U.S.C. § 2617(A);

c.     pre- and post-judgment interest thereon pursuant to 29 U.S.C. § 2617(A)(ii);

d.     liquidated damages pursuant to 29 U.S.C. § 2617(A)(iii);

e.     attorneys fees; and

f.     such other relief as the Court deems just and proper.

## COUNT II

### 42 U.S.C. § 1983 – DEPRIVATION OF PROPERTY RIGHTS BY WRONGFUL TERMINATION

### PLAINTIFF v.  ALL DEFENDANTS

47.     Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

48.     The Code of the City of Coatesville prohibits Defendants from terminating his employment where there is no job abandonment, no cause as listed in the Code, and no approval of City Council.

49.     The Code creates a property interest in Plaintiff's employment.

50.     Defendants terminated Plaintiff's employment even though he had not abandoned his job, no cause existed, and no approval of City Council was obtained.

6

51.     Defendants Coatesville and Walker are "persons" within the meaning of 42 U.S.C. § 1983 ("Section 1983").

52.     Defendants violated Plaintiff's rights under the Fourteenth Amendment to be free from deprivation of property without due process of law, by terminating his employment without affording him the protections of the Code of the City of Coatesville.

53.     Defendant Walker acted in his personal capacity in terminating Plaintiff.

54.     Defendant Walker had policy-making authority in his decision to terminate Plaintiff.

55.     Defendant Coatesville ratified the actions of Defendant Walker.

56.     As a result of Defendants' conduct, Plaintiff suffered a loss of income and employment, and all of the benefits attendant thereto, which damages continue at present and which may continue in the foreseeable future.

WHEREFORE, for all the foregoing reasons, Plaintiff demands judgment in his favor and against Defendants, jointly and severally, for damages and punitive damages, together with attorney's fees, interest and costs of suit.

## COUNT III

### 42 U.S.C. § 1983 – DEPRIVATION OF PROPERTY RIGHTS (REPUTATION AND EMPLOYMENT) BY DEFAMATION

### PLAINTIFF v. ALL DEFENDANTS

57.     Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

58.     Defendant Walker published one or more oral and written false statements which were intended to impeach Plaintiff's honesty, integrity and reputation.

59.     The defamatory statements included, but were not limited to, the following:

7

    **a.** On information and belief, statements to employees of the City of Coatesville that Plaintiff had abandoned his job;

    **b.** On information and belief, statements to City Council that Plaintiff had abandoned his job;

    **c.** Statements published in the Chester County Reporter in October 2008 that Plaintiff had abandoned his job, had "stopped showing up for work," and "fired Coatesville."

60.     The articles and statements referred to Plaintiff by name, were made about Plaintiff, and were understood by those who heard and/or read them to be about Plaintiff.

61.     The articles and statements were knowingly false.

62.     The articles and statements expose Plaintiff to hatred, contempt and ridicule because they charge Plaintiff with irresponsibility and a lack of commitment to his employment, and because they impugn his honesty, integrity and/or reputation.

63.     Plaintiff has, during all relevant times hereto, enjoyed a positive reputation, both in his personal and professional life.

64.     The statements harm the reputation of Plaintiff so as to lower him in the estimation of the community, deter third parties, including, but not limited to, future employers, from associating with him, and adversely affect his reputation for fitness for the proper conduct of his profession.

65.     The statements were both false and damaging.

66.     Defendant Walker acted in his personal capacity in making these statements.

67.     Defendant Walker had policy-making authority in his decision to make statements to the press.

68.     Defendant Coatesville ratified the actions of Defendant Walker.

69.     As a result of this wrongful conduct, Plaintiff has suffered and continues to suffer emotional, physical and economic harm.

70.     Defendant Walker's conduct, to the extent taken within the course and scope of his employment, constitutes a violation of Section 1983, by depriving Plaintiff of his liberty, interests in employment and a positive reputation without due process of law.

WHEREFORE, for all the foregoing reasons, Plaintiff demands judgment in his favor and against Defendants, jointly and severally, for damages and punitive damages, together with attorney's fees, interest and costs of suit.

## COUNT IV
### DEFAMATION
### PLAINTIFF v. DEFENDANT WALKER

71.     Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

72.     Alternatively, to the extent Defendant Walker's conduct took place outside the course and scope of his employment, Defendant Walker is personally liable to Plaintiff.

73.     Defendant Walker published one or more oral and written false statements which were intended to impeach Plaintiff's honesty, integrity and reputation.

74.     The defamatory statements included, but were not limited to, the following:

   a.  On information and belief, statements to employees of the City of Coatesville that Plaintiff had abandoned his job;

   b.  On information and belief, statements to City Council that Plaintiff had abandoned his job;

   c.  Statements published in the Chester County Reporter in October 2008 that Plaintiff had abandoned his job, had "stopped showing up for work," and "fired Coatesville."

9

75.     The articles and statements referred to Plaintiff by name, were made about Plaintiff, and were understood by those who heard and/or read them to be about Plaintiff.

76.     The articles and statements were false.

77.     The articles and statements expose Plaintiff to hatred, contempt and ridicule because they charge Plaintiff with irresponsibility and a lack of commitment to his employment, and because they impugn his honesty, integrity and/or reputation.

78.     Plaintiff has, during all relevant times hereto, enjoyed a positive reputation, both in his personal and professional life.

79.     The statements harm the reputation of Plaintiff so as to lower him in the estimation of the community, deter third parties, including, but not limited to, future employers, from associating with him, and adversely affect his reputation for fitness for the proper conduct of his profession.

80.     The statements were both false and damaging.

81.     As a result of this wrongful conduct, Plaintiff has suffered and continues to suffer emotional, physical and economic harm.

WHEREFORE, for all the foregoing reasons, Plaintiff demands judgment in his favor and against Defendant Walker for damages and punitive damages, together with interest and costs of suit.

Respectfully submitted,

ANTHEIL MASLOW & MACMINN, LLP

By:

Patricia C. Collins, Esquire
Attorney I.D. # 78648

10

# EXHIBIT "A"

From: "Maria Kauffman" <kaumar@Coatesville.org>
Subject: **FW: Follow Up**
Date: October 6, 2008 9:42:50 AM EDT
To: <tcrngrp@comcast.net>

hi

**From:** Rick Dean
**Sent:** Tuesday, September 23, 2008 4:18 PM
**To:** Harry Walker
**Cc:** Maria Kauffman
**Subject:** Follow Up

Harry

I have a series of appointments thru 10/7/08
I will not know the outcome until I return to my primary Dr after the 7th
I will be out sick until then

Rick


**CONFIDENTIALITY NOTE:** The information contained in this e-mail message is intended only for the confidential use of the person or persons named above. If the reader of this message is not the intended recipient or the employer or agent responsible for delivering it to the intended recipient, you are notified that you have received this e-mail message in error and that any retention, review, use, dissemination, distribution or copying of this e-mail message and/or the information contained herein is strictly prohibited. If you have received this e-mail message in error, please immediately notify City Hall by telephone at 610-384-0300 and delete the e-mail.

# EXHIBIT "B"

Einstein Neighborhood Healthcare
Einstein

🟋 *Jefferson Health System*

# Northwest Medical Center

1602 Wadsworth Avenue
Philadelphia, PA 19150
215-753-9438 (Adult)
215-753-6623 (Pediatrics)
215-753-9448 Fax

❑ Denina Helm, M.D.
❑ Azra Qureshi, M.D.
❑ Stephen Levin, M.D.

## Certificate for return to school or work

Mr.
Mrs.
Miss _Jean Richie_____ has been under

my care from __9-19-08__ to __9-26-08__

and is able to return to school / work on __9-29-08__

Limitations: _____

_____

Remarks: _____

_____

Dr. _____ Phone _____

Address _____

Date _____

Rev 5/07

(215) 456-8819
(215) 456-3533 Fax

Vincent Figueredo, MD
Albert Einstein Medical Center
5401 Old York Road
Philadelphia, PA 19141
Lic. No: MD426336

DEA#:

Date: 10/7/08

Name: Rickie Dean

Age: 53

Address: _____

Mr Dean is under my care
He has had appointments 9/23,
9/30 & today.

Refill – 0-1-2-3-4-prn

Substitution Permissible _____ .MD

In order for a brand name to be dispensed, the prescriber must handwrite "BRAND NECESSARY" or
"BRAND MEDICALLY NECESSARY" in the space below.

# EXHIBIT "C"

### § 35-8. Separation from service.

In addition to voluntary retirement, an employee may be separated from the service of the City of Coatesville by any one (1) of the methods described below:

A. Resignation. To resign in good standing, an employee must give his or her department supervisor or department head at least fourteen (14) calendar days' prior notice.

B. Quitting. An employee who fails to report to work for three (3) consecutive workdays without authorized leave shall be separated from the payroll and reported as quit.

C. Layoffs.

   (1) Any involuntary separation not involving delinquency, misconduct or inefficiency shall be considered a layoff.

   (2) When it becomes necessary to reduce the working force in a department or division thereof because of lack of funds or other cause, employees shall be laid off. Prior to a reduction in force, the names and job titles of any and all permanent employees scheduled for layoff shall be submitted to the City Council for approval, and not until the City Council has approved and confirmed the names submitted for layoff shall any layoff be consummated.

   (3) When an employee is unable to continue his or her work because of a physical or mental disability and has exhausted his or her accumulated leave, he or she shall be separated by means of a layoff or given a leave of absence without pay. Disability shall be determined by a physician authorized by the administrative director.

D. Dismissals. Dismissals are discharges or separation made for delinquency, misconduct, inefficiency or inability to perform the work of the position satisfactorily. All dismissals are made by approval of the City Council upon the recommendation of the appropriate department head.                                                          *see 35-11-A*

### § 35-9. Disciplinary actions; appeals.

Except as otherwise provided for by statutes, the following provisions shall govern disciplinary actions affecting employees in the city service:

A. Dismissals. See § 35-8D.

B. Suspensions. A department supervisor may, for disciplinary purposes, suspend without pay an employee in his or her department for such length of time as he or she considers appropriate, not exceeding three (3) days. A written statement specifically setting forth reasons for such suspension shall be furnished to the affected employee by his or her department supervisor and a copy filed with the Administrative Director. With the approval of the City Council, an employee may be suspended for a longer period, pending the investigation or trial of any charges against him or her.

C. Reasons for disciplinary actions. Listed below are some of the reasons which might be causes of disciplinary action, but disciplinary action is not limited to the offenses listed:

   (1) Being convicted of a crime.

   (2) Insubordination (disobedience).

   (3) Too much lost time.

   (4) Being absent without leave.

   (5) Excessive tardiness.

   (6) Inefficiency.

   (7) Abuse of city property.

   (8) Giving false statements to supervisors or the public.

   (9) Use of alcoholic beverages on city property, including vehicles, or during duty.

   (10) Violation of city ordinances, administrative regulations or departmental rules.

   (11) Any disgraceful conduct which reflects unfavorably on the city as an employer.

# EXHIBIT "D"

## ChesterCountyReporter.com

*If you don't want it reported, don't do it!*

Home

## Coatesville finance director fired

*by Allen Davis*
*Staff Writer*
*Posted: Saturday, 4 Oct. 11:30 p.m.*

Coatesville Finance Director Ricky Dean has been fired, the ChesterCountyReporter.com has learned. Dean reportedly was notified of his termination while at home where he is recuperating from injuries sustained in an auto accident.

Kristen Greiger, public relations specialist for the city, refused to comment. She said the city doesn't comment on personnel issues.

But news of Dean's dismissal has spread throughout City Hall. "Everybody here knows about it . . . we were told he wouldn't be coming back," said one person who requested anonymity.

Dean was reportedly injured in an auto accident while traveling home from a city council meeting. Dean has missed the Sept. 22 and 29 council meeting and the Sept. 15 redevelopment authority meeting.

Dean's dismissal comes at a time the city is preparing its 2009 budget.

Dean was hired in 2006 after Walker forced the resignation of then Finance Director Elizabeth McQuisten who was hired by former City Manager Paul Janssen.

You can e-mail Allen Davis at: allen@chestercountyreporter.com

**ChesterCountyReporter.com**    *If you don't want it reported, don't do it!*

Home

# Dean fired for job abandonment, but city places ad while Dean still on the job

*by Allen Davis*
*Staff Writer*
*Posted: Wednesday, 8 Oct. 11:30 a.m.*

*Attn: Christopher Boom*

Coatesville City Finance Director Ricky Dean was fired for job abandonment on Thursday, but efforts to remove Dean began weeks before he suffered injuries in a Sept. 8 auto accident that reportedly prevented him from immediately returning to work.

The ChesterCountyReporter.com has learned that on Aug. 26, two weeks before Dean was to miss work, the city called into the website MonsterJobs.com and placed a $770 ad for a city finance director. Payment of the ad was approved by the Niki Oxendine, the city's human resource director. Under the heading of VP/Director of Finance, Coatesville, the ad reads: "Highly responsible financial and administrative position responsible for the financial records of the city."

Council Vice President Kareem Johnson yesterday said that only "very recently" was he made aware of the ad on MonsterJobs.com. The Aug. 26 placement of the ad, said Johnson, doesn't fit with the idea Dean was fired for job abandonment.

And as of yesterday afternoon Johnson wasn't aware that Donald McKenzie was working in the finance department. "I heard that someone was in that position, but I have heard no details," said Johnson.

Council Member Ed Simpson and Johnson both said that they first became aware of Dean's firing in the media. It was only after that, said Simpson, that Council President Karen Jorgenson sent an e-mail to council members saying Dean had been fired.

"I have yet to be told why," Simpson said yesterday. However, he said the e-mail alluded to missing work without reporting off."

Said Johnson: "I'm not happy with how it is being handled. Council was never given the opportunity to weigh in on the decision making process.'"

Dean's firing comes at a time the city is experiencing budget problems. City Manager Harry Walker, in an interview following the Sept. 22 council meeting, confirmed a hiring freeze was in place, citing budget problems. He said the police and fire departments were excluded from the hiring freeze.

The hiring freeze was first mentioned publicly when District Attorney Joe Carroll questioned Police Chief William Matthews at an August public forum on violence if it was true the city had imposed a hiring freeze. "Not for the police department," said Matthews. And at the Sept. 22 council meeting Simpson questioned Walker whether there was a hiring freeze and would it prevent filling a new, full-time position in the fire department. Walker responded the fire department was excluded.

Dean's firing comes at the time the city is beginning to prepare next year's budget and is likely to experience a budget shortfall this year. Last year the city was able to approve a balanced budget only because it projected $1.3 million from the sale of the Conti property and $800,000 in building permit fees. Both, so far, have failed to materialize.

Dean last reported to work on Sept. 8. That night, following a city council meeting, he was injured in an auto accident en-route to his home.

"I expect an exciting executive session Monday night," said Johnson. Council next meets Sept. 13. A closed-door executive session normally proceeds the public meeting.

You can e-mail Allen Davis at: allen@chestercountyreporter.com