```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICK A. DEAN                    :        CIVIL ACTION
                                :
     v.                         :
                                :
CITY OF COATESVILLE, et al.     :        NO. 09-4399
```

MEMORANDUM

Dalzell, J.                                       March 17, 2010

Plaintiff Rick Dean, former Finance Director of the City of Coatesville, Pennsylvania, asserts claims against defendants City of Coatesville and Harry Walker, who is City Manager of Coatesville, for violations of the Family and Medical Leave Act ("FMLA")(Count I) and violations of 42 U.S.C. § 1983 for deprivation of property rights by wrongful termination and deprivation of property rights by defamation (Counts II and III), and avers state law defamation against Walker only (Count IV).

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants move to dismiss all counts in the complaint save the FMLA count against Coatesville. Defendants have also moved to stay the action pending resolution of Hayduk v. City of Johnstown et al., C.A. No. 09-3948 (3d Cir.), in which our Court of Appeals will address the issue of individual liability under the FMLA. For the reasons set forth below, we will deny defendant's motion to stay and grant their motion to dismiss in part and deny it in

part.

## I. Factual Background

Coatesville employed Dean as its Finance Director from September 11, 2006 until his termination on or about October 2, 2008. Compl. ¶ 8. On September 8, 2008, Dean claims to have been seriously injured in a car accident, Compl. ¶ 13, which caused him to miss work from September 9 to September 15, 2008. Compl. ¶ 14. On September 9[1] Dean notified Walker in an email that he would be absent from work through September 15. Compl. ¶ 15. Though Dean alleges he notified Coatesville and Walker that he would not be at work on those days, he alleges that at no time was he told his absence from work was "unauthorized." Compl. ¶ 16. Dean returned to work on September 15, but was then absent from September 16 through September 19, Compl. ¶ 17-18, having notified Coatesville and Walker that he would be absent those days. Compl. ¶ 19. On September 23 Dean informed Walker that he would be out until October 7 due to prescheduled doctors' appointments said to be related to the accident. Compl. ¶ 20. On or about September 29, 2008, Dean faxed notifications from his

---

[1]The complaint says "2009," but given the context of the rest of the complaint, this must be a typographical error.

2

physician to Coatesville regarding his need to miss work. Compl. ¶ 22.

Defendants allegedly did not respond to any of Dean's communications. Compl. ¶ 23. Instead, on October 3, 2008, Coatesville, through Walker, fired Dean. Compl. ¶ 24. The letter defendants sent to Dean explained that he had been terminated pursuant to Section 35-8(B) of the Code of the City of Coatesville (the "Code") because he had failed to report to work for three consecutive workdays without authorized leave. Compl. ¶ 26. Defendants also cited the City's collective bargaining agreement as a basis for termination, but Dean claims that he was not subject to that agreement as he was a member of executive management. Compl. ¶ 29. Dean claims that the Code only allows for termination based on delinquency, misconduct, inefficiency or incapability to perform the work of one's position satisfactorily, and requires the approval of City Council for "cause" dismissals. Compl. ¶ 32. The Code also allows for termination for job abandonment where an employee fails to report to work for three consecutive workdays without authorized leave. Compl. ¶ 30. Dean claims that his leave was authorized, that his dismissal was without cause, and that the City Council did not approve his firing. Compl. ¶ 31-33.

Walker and City Council President Karen Jorgenson allegedly told various employees of Coatesville and made statements to reporters that Dean was terminated for "job abandonment."  Compl. ¶ 34.  Walker reportedly said that he had no idea why Dean had "stopped showing up for work," and added, "I think Mr. Dean fired Coatesville."  Compl. ¶ 35.

Dean filed this lawsuit on September 28, 2009.

## II. Analysis

Pursuant to Fed. R. Civ. P. 12(b)(6), the defendants move to dismiss all of Dean's claims except for Count I against Coatesville.  To survive such a motion, a party's factual allegations must raise a right to relief above the speculative level, and a complaint must allege facts suggestive of illegal conduct. Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly). The Supreme Court recently clarified the Twombly standard in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), where it held that a complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." Iqbal, 129 S.Ct. at 1949 (internal quotations omitted). A claim has facial plausibility when the plaintiff pleads facts

4

sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not as demanding as a "probability requirement," but it does oblige a plaintiff to allege facts sufficient to show that there is more than the mere possibility that a defendant has acted unlawfully. Id. (internal quotations omitted).

The Supreme Court in Iqbal established two principles that now underlie the Rule 12(b)(6) inquiry. First, although a court must accept as true the factual allegations in a complaint, this does not extend to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, a complaint must state a plausible claim for relief to survive a motion to dismiss. Id. at 1950. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. If the well-pleaded facts allege, but do not "show," more than the mere possibility of misconduct, then the pleader is not entitled to relief within the meaning of Rule 8(a)(2). Id.

In deciding a motion to dismiss, "courts generally

consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.'" Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (internal citations omitted).

### A. FMLA

Defendants move to dismiss Dean's FMLA claim only against defendant Walker. Dean argues that Walker is liable under the FMLA. Whether Walker, as a public official, can be liable under the FMLA is a question of law currently pending before our Court of Appeals in Hayduk v. City of Johnstown, et al., at No. 09-3948 (3d Cir.).[2] Defendants have moved to stay this matter pending resolution of Hayduk. On a motion to stay, the burden is on the party requesting the stay to "make out a clear case of hardship or inequity in being required to go forward..." Haas v. Burlington County, No. 08-1102, 2009 WL 4250037 at *2 (D.N.J. Nov. 24, 2009)(quoting Landis v. North American Co., 299 U.S. 248, 255 (1936)). The moving party "must

---

[2]The district court held that such an official can be liable along with the municipal employer. Hayduk v. City of Johnstown, 580 F.2d 429, 475 (W.D. Pa. 2008).

6

state a clear countervailing interest to abridge a party's right to litigate." CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc., 381 F.3d 131, 139 (3d Cir. 2004).

Defendants have not alleged any hardship and therefore we will deny their motion to stay the action. But plaintiff has agreed that we should hold in abeyance our ruling on defendant Walker's liability under the FMLA pending the outcome of the Hayduk appeal. Pl.'s Mem. of Law in Opp. to Mot. to Stay, at 3. Thus, we will deny the motion to dismiss on this issue without prejudice to its reassertion after our Court of Appeals has ruled in Hayduk.

### B. Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...". Section 1983 affords a remedy for a plaintiff who has been deprived of his rights, privileges or immunities created by the Constitution or the laws

of the United States. Albright v. Oliver, 510 U.S. 266, 270 (1994). To prevail on a § 1983 claim for deprivation of procedural due process, Dean must establish that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006)(quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).

Similar to the plaintiff in Hill, Dean advances two procedural due process claims. He first asserts a property-based procedural due process claim, arguing that when Coatesville and Walker terminated him without cause and without the City Council's approval he was deprived of his right to continued employment without due process. He also raises a "stigma plus" claim, arguing that when Coatesville and Walker defamed him after he was terminated he was deprived of a liberty interest in his reputation.

### 1. Deprivation of Property Rights by Wrongful Termination

Dean admits that municipal employees are "at will" employees, Pl. Resp. at unnumbered page 5, but claims that

Coatesville and Walker nevertheless violated his due process rights when they terminated him "without affording him the protections of the Code of the City of Coatesville."  Compl. ¶ 52.  State law determines whether such a property right in employment exists.  <u>Hill</u>, 455 F.3d at 234.  Under Pennsylvania law, an employer may discharge an at-will employee with or without cause unless restrained by contract or statute.[3]  See <u>McLaughlin v. Gastrointestinal Specialities, Inc.</u>, 750 A.2d 283, 286 (Pa. 2000).  Dean contends that Coatesville created an expectation of continued employment for employees like him when it created a section for "cause" terminations in the Code,[4] and

---

[3]Courts have also held that a violation of Commonwealth public policy may present an exception to the at-will presumption of employment in Pennsylvania, but as Judge Pratter summarized this jurisprudence, "[t]he Pennsylvania Supreme Court has steadfastly resisted any attempt to weaken the presumption of at-will employment in the Commonwealth."  <u>Wetherhold v. Radioshack Corp.</u>, 339 F.Supp.2d 670, 673 (E.D. Pa. 2004)(internal quotation marks omitted).  Dean does not make a public policy exception argument here.

[4]Dean cites <u>Delliponte v. DeAngelis</u>, 681 A.2d 1261 (Pa. 1994), but that case is inapposite.  In <u>Delliponte</u>, the plaintiff claimed a right to continued employment based on civil service protection, which was provided for in that municipality's Home Rule Charter.  Civil service protection can create a property interest.  <u>Kost v. Dep't of Pub. Welfare</u>, No. 07-2404, 2009 WL 466166 at *3 (E.D. Pa. Feb. 24, 2009)(quoting <u>Conjour v. Whitehall Twp.</u>, 850 F.Supp.309, 315 (E.D. Pa. 1994)).  But under Pennsylvania law, before one may invoke that protection, one must show that an appointment was in accordance with the civil service

9

where it required the approval of City Council before an employee could be terminated for cause. Pl. Resp. at unnumbered page 5. This is not correct. Municipalities in Pennsylvania are not permitted to enter into employment contracts that override the at-will nature of municipal employment absent authorizing legislation from the Commonwealth. <u>Stumpp v. Stroudsburg Mun. Auth.</u>, 658 A.2d 333, 334-35 (Pa. 1995). Absent enabling legislation, the City of Coatesville cannot employ workers on anything but an at-will basis.

    Dean cites no enabling legislation or public policy violation, nor does he claim that his employment deserves the protection of civil service laws. Dean has thus failed to allege sufficient facts to satisfy the first prong of the § 1983 inquiry, <u>i.e.</u>, he has failed to allege that he had a property interest in retaining his position with the City of Coatesville. Therefore, we need not consider whether City Council approval was necessary to provide him with adequate due process. Accordingly, we will grant this portion of defendants' motion to dismiss.

---

laws. <u>Kost</u>, 2009 WL 466166 at *3; <u>Municipality of Penn Hills v. Municipality of Penn Hills Pers. Bd./Civil Serv. Comm'n</u>, 487 A.2d 1048, 1050 (Comm.Ct.Pa. 1985). Dean does not allege that he was appointed according to the civil service laws, nor that he is otherwise entitled to civil service protection.

10

## 2. Deprivation of Property Rights by Defamation

To succeed on a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest. This is the "stigma plus" test. Hill, 455 F.3d at 236. To satisfy this test, Dean must show that the defendants created and disseminated a false and defamatory impression about him in connection with his termination, thus depriving him of a protected liberty interest. Id. Our Court of Appeals held in Hill that such a deprivation entitles the employee to a name-clearing hearing. Id. To satisfy the "stigma" portion of the test, a plaintiff must allege that the purportedly stigmatizing statements were made publicly and were false. Id.

Dean has alleged sufficient facts to satisfy the stigma portion of the test. He alleges that Walker defamed him by making statements to employees of the City of Coatesville, to City Council, and to The Chester County Reporter that Dean had abandoned his job, had "stopped showing up for work," and had "fired Coatesville." Compl. at ¶ 59. Dean alleges that those statements were false and that they exposed him to hatred, contempt, ridicule and harmed his reputation. Compl. at ¶ 61-65. Although Dean was not deprived of a property interest when he

11

lost his job, the fact that he was fired suffices to satisfy the "plus" portion of the stigma-plus test. Hill, 455 F.3d at 238 ("a public employee who is defamed in the course of being terminated or constructively discharged satisfies the "stigma plus" test even if, as a matter of state law, he lacks a property interest in the job he lost."). Thus, Dean has satisfied the elements of the stigma-plus test.

Defendants argue that Dean's claim still must fail because he did not request a name-clearing hearing. Our Court of Appeals has not ruled on whether a plaintiff must request a name-clearing hearing, but the better part of the district court cases in this Circuit, along with the decisions of the Fourth and Fifth Circuits, have held that a plaintiff must have requested a name-clearing hearing to proceed on a procedural due process claim in this context. Quinn v. Shirey, 293 F.3d 315, 325 (4th Cir. 2002); Howze v. City of Austin, 917 F.2d 208 (5th Cir. 1990); Rosenstein v. City of Dallas, 876 F.2d 392, 395 (5th Cir. 1989); Puchalski v. School District of Springfield, 161 F.Supp.2d 395, 406 (E.D.Pa. 2001); O'Connell v. County of Northampton, 79 F.Supp.2d 529, 535 (E.D.Pa. 1999); but see Erb v. Borough of Catawissa, No. 07-1961, 2009 WL 3182005 at *6 n.8 (M.D. Pa. Sept. 30, 2009)(noting that the Third Circuit has not ruled on whether

a request for a name-clearing hearing was necessary to proceed on a procedural due process claim and declining to require it). Dean does not allege that he requested a name-clearing hearing. We are persuaded by the weight of authority on this issue and we will therefore dismiss this claim. We thus need not address defendants' arguments that (1) plaintiff's liberty deprivation claim fails because he did not allege that the stigmatizing statements were made in a formal setting, or (2) plaintiff's claim fails because the statements Walker made were true.

### C. Defamation

Because we will not address Dean's FMLA claim against Walker at this juncture, for the time being it appears that we have supplemental jurisdiction over his defamation claim against Walker in his individual capacity.

Dean alleges that Walker made "one or more oral and written false statements which were intended to impeach Plaintiff's honesty, integrity and reputation," and that, "to the extent Defendant Walker's conduct took place outside the course and scope of his employment, Defendant Walker is personally liable to Plaintiff." Compl. at ¶¶ 72-73. The alleged defamatory statements included (1) statements to employees of the

City of Coatesville that plaintiff had abandoned his job, (2) statements to City Council that plaintiff had abandoned his job, and (3) statements published in The Chester County Reporter in October of 2008 that plaintiff had abandoned his job, "stopped showing up for work," and "fired Coatesville." Compl. at ¶ 74. Dean alleges that the article and statements referred to him by name, were made about him, and were understood by those who heard and/or read them to be about him. Compl. at ¶ 75. Dean alleges that the statements were false. Compl. at ¶ 76.

In an action for defamation, the plaintiff in Pennsylvania has the burden of proving (1) the defamatory character of the communication, (2) its publication by the defendant, (3) its application to the plaintiff, (4) the understanding by the recipient of its defamatory meaning, (5) the understanding by the recipient as it is intended to be applied to the plaintiff, (6) special harm resulting to the plaintiff from its publication, and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a). Plaintiff must claim that he suffered harm to his reputation that "lower[ed] him in the estimation of the community or...deter[ed] third parties from associating or dealing with him." Snavely v. Arnold, No. 08-2165, 2009 WL 1743737 at *7 (M.D. Pa. Jun. 18, 2009)(quoting

Blackwell v. Eskin, 916 A.2d 1123, 1125 (Pa.Super.Ct. 2007)). Dean alleges that Walker made statements that Dean had abandoned his job and had "stopped showing up for work" to City Council members, employees of the City of Coatesville and to The Chester County Reporter. Dean also claims that the articles and statements referred to him by name and that the statements "were understood by those who heard and/or read them to be about Plaintiff;" that "the articles and statements expose Plaintiff to hatred, contempt and ridicule because they charge Plaintiff with irresponsibility and a lack of commitment to his employment, and because they impugn his honesty, integrity and/or reputation;" and that he suffered economic harm as a result of the defamatory statements. Compl. at ¶¶ 73-81. Dean also avers that (1) the statements harmed his reputation so as to lower him in the estimation of the community, (2) the statements deterred third parties -- including, but not limited to, future employers -- from associating with him, and (3) adversely affected his reputation for fitness for the proper conduct of his profession. Compl. at ¶¶ 79. Thus, Dean has adequately pleaded a defamation claim under Pennsylvania law.

Walker argues that Dean's defamation claim should be dismissed either because the statements he made were true or

15

because he is protected under the doctrine of absolute immunity, which is available for "high public officials" under Pennsylvania common law. Erb v. Borough of Catawissa, No. 07-1961, 2009 WL 3182005 at *10 (M.D. Pa. Sept. 30, 2009)(citing Smith v. School District of Phila., 112 F.Supp.2d 417, 425 (E.D. Pa. 2000), which cites Lindner v. Mollan, 677 A.2d 1194, 1195-96 (Pa. 1996)). The Pennsylvania Supreme Court has held that "absolute privilege...is unlimited, and exempts a high public official from all civil suits for damages arising out of false defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority...." Durham v. McElynn, 772 A.2d 68, 69 (Pa. 2001) (internal quotation marks omitted) (emphasis removed).

Dean does not contest Walker's stature as a "high official," but rather argues that his statements were made outside the scope of Walker's employment. "With regard to a defamation claim, in order to determine whether defendant['s] allegedly actionable behavior was made in the course of [his] official duties...the Court is required to evaluate the following factors: (1) the formality of the forum in which the words were spoken or published; and (2) the relationship of the legitimate

subject of governmental concern to the person seeking damages for the defamatory utterance." Erb, 2009 WL 3182005 at *11 (internal citations and quotation marks omitted).  Walker offers no competent evidence to prove the statements were true.  Whether the statements were true, and whether Walker made the statements within the scope of his authority, are questions of fact which must be determined through discovery.  We will therefore deny the motion to dismiss the defamation claim at this juncture.

BY THE COURT:

\_\_\s\Stewart Dalzell