IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNYSLVANIA

RICK A. DEAN                          :
                                      :
                                      :
                    Plaintiff,        :   CIVL ACTION No. 09-cv-4399
v.                                    :
                                      :
CITY OF COATESVILLE, et al.           :
                    Defendants.       :

**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants City of Coatesville and Harry Walker, individually and in his capacity as City Manager of the City of Coatesville ("Defendants"), by and through undersigned counsel file this Answer with Affirmative defenses and Counterclaims to Plaintiff's Complaint, in accord with Order of this Court, entered on October 2, 2010. Docket entry # 15.

**I.     THE PARTIES**

1. Admitted in part and denied in part. Defendants admit that Plaintiff is an adult individual. Defendants are without sufficient knowledge or information to admit or deny the remainder of Paragraph 1 of Plaintiff's Complaint, which is therefore denied.

2. Admitted.

3. Denied.

4. Admitted in part and denied in part. It is admitted that at all times relevant to the claims made in Plaintiff's complaint that Defendant Walker acted within the course and scope of his employment with Coatesville. All other allegations in Paragraph 4 of Plaintiff's Complaint are denied.

II.     **JURISDICTION**

5.      Admitted in part and denied in part. It is admitted that this Court has jurisdiction over Plaintiff's federal claims. It is denied that Plaintiff can sustain federal claims against Defendant Walker. It is therefore denied that this Court has jurisdiction over Plaintiff's state court claims against Defendant Walker.

III.    **VENUE**

6.      Admitted in part and denied in part. It is admitted that Defendants reside within the Eastern District of Pennsylvania. Defendants are without sufficient knowledge or information to admit or deny whether Plaintiff resides in within the Eastern District of Pennsylvania, which is therefore denied. Defendants deny that Plaintiff can sustain any claims against Defendants, therefore the remainder of Paragraph 6 Plaintiff's Complaint, is denied.

7.      Denied as a conclusion of law.

8.      Admitted in part and denied in part. It is admitted that Plaintiff was employed by Coatesville as its Finance Director from September 11, 2006 until October 2, 2008. All other allegations in Paragraph 8 Plaintiff's Complaint are denied.

9.      Denied.

10.     Denied as a conclusion of law.

11.     Denied as a conclusion of law.

12.     Denied as a conclusion of law.

13.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, which are therefore denied.

14. Admitted in part and denied in part. It is admitted that Plaintiff was absent from work from 9/10/08 – 9/12/08. All other allegations are denied.

15. Denied.

16. Denied.

17. Admitted.

18. Admitted.

19. Denied.

20. Admitted in part, denied in part. It is admitted that on September 23, 2008 that Plaintiff alleged he had a series of appointments through October 7, 2008. And that he would be "out sick" until then. All other allegations are denied. By way of further denial, Exhibit B to Plaintiff's Complaint clearly provides that Plaintiff's physician found that Plaintiff "is able to return to . . . work on 9-29-08." Docket No. 1, page 18 of 24.

21. Denied.

22. Denied. By way of further denial, Exhibit B to Plaintiff's Complaint clearly provides that Plaintiff's physician found that Plaintiff "is able to return to . . . work on 9-29-08." Docket No. 1, page 18 of 24. Exhibit B to Plaintiff's Complaint further provides only that Plaintiff had three doctors appointments on consecutive Fridays, 9/23, 9/30, and 10/7. See Docket No. 1, page 19 of 24.

23. Denied.

24. Admitted in part and denied in part. It is admitted that Plaintiff's employment with Coatesville ended. All other allegations are denied.

25. Denied.

26. Admitted.

27. Denied.

28. Denied.

29. Admitted in part and denied in part. It is admitted that Plaintiff was a member of management and therefore was not subject to the collective bargaining agreement. All other allegations in Paragraph 29 Plaintiff's Complaint are denied.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Admitted in part and denied in part. It is admitted that Plaintiff was terminated for job abandonment. All other allegations in Paragraph 34 Plaintiff's Complaint are denied.

35. Denied.

36. Admitted in part and denied in part. It is admitted that news articles attributed to The Chester County Reporter, and dated October 4 and 8, 2008 are attached as Exhibit D to Plaintiff's Complaint. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint, which are therefore denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT I

## VIOLATIONS OF THE FMLA

### PLAINTIFF v. ALL DEFENDANTS

42. Defendants incorporate by reference all paragraphs set forth above.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT II

### 42 U.S.C. § 1983 – DEPRIVATION OF PROPERTY RIGHTS

### BY WRONGFUL TERMINATION

47. Defendants incorporate by reference all paragraphs set forth above.

48.-56. Denied. This Cause of Action was dismissed, with prejudice. See Docket No. 11, Paragraph 4.

## COUNT III

### 42 U.S.C. § 1983 – DEPRIVATION OF PROPERTY RIGHTS (REPUTATION AND EMPLOYMENT) BY DEFAMATION

57. Defendants incorporate by reference all paragraphs set forth above.

57.-70. Denied. This Cause of Action was dismissed, with prejudice. See Docket No. 11, Paragraph 4.

## COUNT IV

### DEFAMATION

71. Defendants incorporate by reference all paragraphs set forth above.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

IV. **AFFIRMATIVE DEFENSES**

82. Plaintiff's claims under the Family and Medical Leave Act fail because Plaintiff is not an eligible employee under the Family and Medical Leave Act.

83. Plaintiff's claims under the Family and Medical Leave Act against Defendant Walker because Defendant Walker is not an "employer" within the meaning of the Family and Medical Leave Act.

84. Plaintiff's claims under the Family and Medical Leave Act fail because Plaintiff was not entitled to 12 workweeks of leave, under the Family and Medical Leave Act.

85. Plaintiff's claims under the Family and Medical Leave Act fail because Plaintiff failed to give required notice under the Family and Medical Leave Act.

86. Plaintiff's claims under the Family and Medical Leave Act fail because Plaintiff failed to provide sufficient certification of a serious health condition by an appropriate health care provider as required under the Family and Medical Leave Act.

87. Plaintiff's claims under the Family and Medical Leave Act fail because Defendants did not intentionally and willfully violate or interfere with, restrain, or deny the exercise of Plaintiff's rights, if any, under the Family and Medical Leave Act.

88. Plaintiff's claims under the Family and Medical Leave Act fail because Plaintiff did not report to Defendants, as instructed, the health status of Plaintiff and Plaintiff's intention to return to work.

89. Plaintiff's claims under the Family and Medical Leave Act fail because Plaintiff did not return from leave under the Family and Medical Leave Act for a reason other than the continuation, recurrence, or onset of a serious health condition, or other circumstances beyond Plaintiff's control.

90. Plaintiff's claims under the Family and Medical Leave Act fail because Plaintiff was a salaried employee who as among the highest-paid ten percent of defendant's employees within 75 miles of the facility where Plaintiff was employed. The denial of restoration of Plaintiff to his former position was necessary to prevent substantial and grievous economic injury to Defendants' operation.

91. Plaintiff's claims for Defamation fail because even if the statements could be properly attributed to Defendant Walker, the statements were true.

92. Plaintiff's claims for Defamation fail because even if the statements could be properly attributed to Defendant Walker, the statements are not defamatory.

93. Plaintiff's claims for Defamation fail even if the statements could be properly attributed to Defendant Walker the statements are protected under the doctrine of absolute immunity.

94. Plaintiff's claims for Defamation fail even if the statements could be properly attributed to Defendant Walker the statements are protected by one or more immunities, including but not limited to, the First and Fourteenth Amendments to the Constitution.

95. Plaintiff's claims for Defamation fail because any and all statements that Plaintiff attributes to Defendant Walker were not published by Defendant Walker but, instead, were published by third parties who are not a party to this litigation.

96. Plaintiff's claims for Defamation fail because Plaintiff has suffered no special harm by publication.

97. Plaintiff's claims for Defamation fail because there was no abuse of a conditionally privileged occasion.

98. Plaintiff's claims for Defamation fail because any and all statements made did not lower Plaintiff in the estimation of the community.

99. Plaintiff's claims for Defamation fail because if the statements could be properly attributed to Defendant Walker the statements did not deter third parties from associating or dealing with him.

100. Plaintiff's claims for Defamation fail because if the statements could be properly attributed to Defendant Walker the statements were within the scope of his authority as City Manager for the City of Coatesville.

101.     Plaintiff's claims are barred because Plaintiff did not incur any injury or damages cognizable by law.

**V.      COUNTERCLAIM**

102.     Plaintiff is liable to Defendant City of Coatesville for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C.A. § 1030 *et seq.*

103.     The CFAA prohibits the unauthorized access of a "protected computer" that causes "damage" or "loss." 18 U.S.C.A. § 1030 *et seq.*

104.     Plaintiff was issued a laptop computer, by the City of Coatesville, which he has refused to return to the City of Coatesville.

105.     Plaintiff is liable under the CFAA because of the misappropriation of proprietary information from a City of Coatesville computer and the deletion of data from a City of Coatesville computer.

**VI.     JURY DEMAND**

106.     Defendant City of Coatesville asserts its rights under the Seventh Amendment to the U.S. Constitution, and to the extent provided by the Constitution and laws of the Commonwealth of Pennsylvania, and demands, under the authority of Fed. R. Civ. P. 38 a trial by jury on all issues

107.     Defendant Harry Walker asserts his rights under the Seventh Amendment to the U.S. Constitution, and to the extent provided by the Constitution and laws of the Commonwealth of Pennsylvania, and demands, under the authority of Fed. R. Civ. P. 38 a trial by jury on all issues.

## VII. CONCLUSION

For all the reasons cited above,

    (i)    Defendant Harry Walker requests that this Court dismiss Plaintiff's claims for Defamation, with prejudice.

    (ii)    The City of Coatesville requests that this Court find Plaintiff liable under the Computer Fraud and Abuse Act.

    (iii)    Defendants City of Coatesville and Harry Walker request that this Court dismiss Plaintiff's claims under the Family and Medical Leave Act with prejudice, for all such further relief that this Court deems just and proper.

Respectfully submitted this 15th day of October, 2010

**KAUFMAN DOLOWICH VOLUCK & GONZO LLP**

BY: _____/s/ Anne R. Myers_____
Anne R. Myers, Esq.
Attorney I.D. No. 201900
1777 Sentry Park West
Gwynedd Hall - Suite 301
Blue Bell, Pennsylvania 19422
(215) 461-1100
(215) 461-1300 (fax)
amyers@kdvglaw.com
*Counsel for Defendants City of Coatesville and Harry Walker*

## CERTIFICATE OF SERVICE

I hereby certify on October 15, 2010 that a true and correct copy of this ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was sent by first-class U.S. mail, postage prepaid, and electronically through this Court's PACER system to the counsel below listed:

ANTHEIL MASLOW & MACMINN, LLP
Patricia C. Collin, Esquire
131 W State St
Doylestown, PA 18901-3666

/s/ Anne R. Myers
Anne R. Myers, Esquire

ND: 4830-1255-7575, v. 1